**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| GRANGE INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:23-CV-113 (LAG) |
| B&S CONCRETE SERVICES, INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER

Before the Court is Plaintiff's Motion for Default Judgment Against Defendants Michael Edward Wright and Joshua Martin Bivins. (Doc. 31). For the reasons below, Plaintiff's Motion is **GRANTED**.

## FACTUAL BACKGROUND

On October 20, 2023, Plaintiff, Grange Insurance Company, filed a Complaint for Declaratory Judgment (Complaint) against Defendants B&S Concrete Services, Inc. (B&S), Charles E. Sealy (Sealy), Michael Edward Wright (Wright), and Joshua Martin Bivins (Bivins).[1] (Doc. 1). On November 3, 2021, Plaintiff issued a commercial auto policy to Defendant B&S. (Doc. 1-3 at 2). The policy required Plaintiff to "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance, or use of a covered 'auto.'" (Doc. 1 ¶ 38). In the Complaint, Plaintiff seeks a declaratory judgment as to the parties' rights and legal obligations related to a February 26, 2022, accident between Defendants Wright and Bivins. (Doc. 1 ¶¶ 23, 59, 64, 91).

On February 3, 2023, Defendant Bivins filed a lawsuit against Defendants B&S, Sealy, and Wright in the State Court of Colquitt County, Georgia (Underlying Lawsuit),

---

[1] All Defendants in this action are or were parties to the Underlying Lawsuit.

the subject of which is a personal injury action arising from the motor vehicle accident between Defendants Bivins and Wright. (*Id.* ¶ 24; Doc. 1-2). In the Underlying Lawsuit, Defendant Bivins alleged: (1) Negligence of Defendant Michael Edward Wright (Count I), and (2) Negligence of Defendant B&S Concrete Services, Inc. (Count II). (Doc. 1-2 ¶¶ 5–17). The State Court dismissed the action against Defendants Sealy and B&S, finding that "Defendants B&S [] and Defendant Sealy did not own or possess any interest in the 2012 Black Ford Fiesta, . . . operated by Defendant Wright on the date of the subject accident[.]" (Doc. 37-11 at 4). Moreover, Defendant Wright was not employed by Defendant B&S or Defendant Sealy at the time of the accident. (Doc. 37-11 ¶ 11). An order was entered in the Underlying Lawsuit on August 21, 2024, dismissing the claims against Defendant B&S and Defendant Sealy with prejudice and ordering that the Underlying Lawsuit remain pending only against Defendant Wright. (Doc. 37-11). On November 19, 2024, the State Court filed an amended order, expressly designating its grant of summary judgment in favor of Defendants B&S and Sealy final under O.C.G.A. § 9-11-54(b). (Doc. 43-1 at 4). Plaintiff brought the instant lawsuit seeking, in part, a declaration that it has no duty to defend or indemnify Defendants Wright or Bivins. (Doc. 1).

## PROCEDURAL BACKGROUND

On March 15, 2024, Plaintiff submitted applications to the Clerk of Court for entry of default against Joshua Bivins and Michael Wright; and, on the same day, the Clerk of Court entered default as to Joshua Bivins and Michael Wright. (Docs. 29, 30; *See* Docket). On April 5, 2024, Plaintiff filed a Motion for Default Judgment Against Defendants Michael Wright and Joshua Bivins. (Doc. 31). Defendants Wright and Bivins did not respond. (*See* Docket). Defendants B&S and Sealy responded to the Motion for Default Judgment (Doc. 31) on April 19, 2024.[2] (Doc. 32). Plaintiff replied on May 2, 2024. (Doc. 35).

---

[2]     In their Response, B&S and Sealy objected to the entry of default, arguing that "[if] default judgment is entered against Defendant Wright and Bivins[,]" the judgment should include either a dismissal of the remaining claims against Sealy and B&S or reserve judgment as to whether Plaintiff's claim states an actual controversy. (Doc. 32 at 10). As of January 14, 2025, B&S and Sealy are no longer parties to this action and their objection is moot. (*See* Docket).

On September 6, 2024, Plaintiff filed a Motion for Summary Judgment. (Doc. 37). Defendants B&S and Sealy timely responded to the Motion for Summary Judgment (Doc. 37) on October 11, 2024. (Doc. 40). Defendants Wright and Bivins did not respond. (*See* Docket). Plaintiff replied on October 25, 2024. (Doc. 42). Defendants B&S and Sealy also filed a Motion for Hearing, or, Alternatively, Motion to File Surreply Brief on November 20, 2024. (Doc. 43). Plaintiff responded on December 5, 2024. (Doc. 44).

On January 13, 2025, Plaintiff, Defendant B&S, and Defendant Sealy entered a Stipulation of Partial Dismissal Without Prejudice, wherein they stipulated to the dismissal of Plaintiff's claims against Defendants B&S and Sealy pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).[3] (Doc. 45 at 1). Defendants B&S and Sealy were terminated as parties on January 14, 2025. (*See* Docket). Therefore, the only two remaining defendants in this action are Defendants Bivins and Wright, against whom default judgment is being sought. The Motion for Default Judgment is ripe for review. *See* M.D. Ga. L.R. 7.2.

## LEGAL STANDARD

Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default. *See* Fed. R. Civ. P. 55(a). Pursuant to Rule 55(a), the Clerk must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise[.]" After a default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

The mere entry of default by the Clerk, however, "does not in itself warrant the [C]ourt in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Stegeman v. Georgia*, 290 F. App'x 320, 323 (11th Cir. 2008) (per curiam). District courts may enter judgment by default against a defendant

---

[3] A Plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). Here, the Stipulation of Partial Dismissal Without Prejudice (Doc. 45) was signed by Plaintiff, Defendant B&S, and Defendant Sealy. Defendants Bivins and Wright have not appeared and, therefore, did not need to sign the Stipulation of Partial Dismissal.

3

that fails "to plead or defend[.]" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 55(b)(2)). The Eleventh Circuit has a "strong policy of determining cases on their merits," so "default judgments are generally disfavored." *Id.* at 1244–45 (citing *Worldwide Web Sys., Inc. v. Feltman* (*In re Worldwide Web Sys., Inc.*), 328 F.3d 1291, 1295 (11th Cir. 2003)). Entry of default is appropriate only when the pleadings contain "a sufficient basis" for the judgment such that they could "survive a motion to dismiss for failure to state a claim." *Id.* at 1245 (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs[,]" but the same liberal reading does not apply to legal conclusions. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (citation omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). When default is entered against a defendant, the Court considers the defendant to have admitted "the plaintiff's well-pleaded allegations of fact," but not the plaintiff's "conclusions of law." *Surtain*, 789 F.3d at 1245 (citation omitted).

Finally, "[i]n considering any default judgment, the Court must [also] consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, No. 5:06-CV-057 (CAR), 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)). When granting a default judgment, the Court must hold an evidentiary hearing to determine damages unless all essential evidence is already on the record. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

**DISCUSSION**

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Plaintiff is a corporation organized and existing under the laws of the State of Ohio. (Doc. 1 ¶ 2). Defendants Wright and Bivins are citizens of Colquitt County, Georgia. (*Id.* ¶¶ 5–6). Plaintiff represents that "[b]ecause the underlying lawsuit involves multiple claims, multiple defendants, and the need to retain experts, [Plaintiff] reasonably anticipates expending at least $75,000[.00] in defending Defendants . . . in the underlying suit and in pursuing this Declaratory Judgment Action." (*Id.* ¶ 13). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Id.* (citation omitted). The record also establishes that the Court has personal jurisdiction over Defendants Wright and Bivins. Both are citizens of Georgia and were served with process in this District. (*See* Docs. 11, 24; Doc. 1 ¶¶ 5–6). Accordingly, this Court has subject-matter jurisdiction and personal jurisdiction over this case.

"Default judgments are appropriate in declaratory judgment actions relating to insurance coverage." *U.S. Auto. Ass'n v. Dimery*, No. 1:09-CV-0015-MHS, 2009 WL 10672385, at *1 (N.D. Ga. Apr. 3, 2009) (citation omitted). As a result of Defendant Bivins' and Defendant Wright's failure to respond and the Clerk's entry of default, the well-pleaded allegations in Plaintiff's Complaint are accepted as true. *See Surtain*, 789 F.3d at 1245; *see also Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." (footnote and citation omitted)). As stated above, this case arises out of a motor vehicle accident involving a Black Ford Fiesta that occurred on February 26, 2022. (Doc. 1 ¶¶ 23–24; Doc. 1-2). Defendant Wright was driving the Black Ford Fiesta, which

5

he allegedly purchased from Defendant Sealy[4], when he collided with a car driven by Defendant Bivins. (Doc. 1 ¶¶ 17–19, 23). Defendant Sealy allegedly bought the Black Ford Fiesta from Defendant B&S who held a commercial auto policy from Plaintiff. (*Id.* ¶¶ 14–15, 35). As alleged in this case and found by the State Court in the underlying action, Defendant B&S, Plaintiff's insured, did not own the car Defendant Wright was driving; nor did Defendant B&S employ Defendant Wright. (*Id.* ¶¶ 14–20, 68; Doc. 43-1 at 3–4). There also is no allegation that Defendant Bivins' vehicle would be considered a "covered auto" or that Defendant Bivins had any relation to the Insured, Defendant B&S. (*See* Doc. 1).

Thus, the entry of default judgment against Defendants—that Plaintiff has no duty to defend Defendants Bivins or Wright—is appropriate under Rule 55, given Defendants' failure to appear after service of process and the sufficiency of the Complaint's well-pleaded factual allegations. Moreover, since B&S and Sealy, the two defendants who had appeared and filed responsive documents, are no longer defendants to this action, granting default judgment would not prejudice them in any way.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. 31) is **GRANTED**. The Court **DIRECTS** the Clerk to enter judgment against Defendant Wright and Defendant Bivins.

**SO ORDERED**, this 25th day of February, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] Defendant Sealy argued that he was not the person who sold the car to Defendant Wright. (*See* Doc. 40 at 3). That argument is not relevant to whether Plaintiff has a duty to indemnify Defendant Wright.